**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

**JEFFREY B. FISHER, et. al.**

**Substitute Trustees**
**Plaintiffs**

**v.** **Case No.: 15-CV-01357-GJH**

**KIMMY R. CATHEY**

**Defendant**

**MOTION TO REMAND**
**(with Points and Authorities)**

Plaintiffs Jeffrey B. Fisher, Doreen A. Strothman, Virginia S. Inzer, William K. Smart and Carletta M. Grier, Substitute Trustees (herein "Trustees"), by and through their attorneys, The Fisher Law Group, PLLC, request this Court remand this entire proceeding to the Circuit Court for Prince George's County, Maryland, pursuant to 28 U.S.C. § 1447, and for such other relief as is deemed proper. As grounds, the Trustees state as follows:

**A. STATEMENT OF FACTS**

1. The above captioned matter was commenced July 23, 2013 in the Circuit Court for Prince George's County, Maryland by filing an Order to Docket Suit, supporting papers, affidavits and exhibits to enforce a deed of trust in default granted by Defendant Kimmy R. Cathey (herein "Cathey") and secured by real property located in said county located at 6226 Joe Klutsch Drive, Fort

Washington, MD 20744 (herein "Property"). The foreclosure case is captioned *Fisher, et. al., Substitute Trustees, v. Cathey*, Case No. CAEF13-21010 (herein "Foreclosure Action")(Copies of the Order to Docket and supporting filings were not filed by Cathey herein on removal. To assist the Court, attached are copies of the Circuit Court's Foreclosure Action docket **(Ex. A)**, and, the Order to Docket Suit, supporting papers, affidavits and exhibits attached thereto **(Ex. B)**. The Foreclosure Action is based on state statute for the enforcement of deeds of trusts, mortgages and other liens in default. See Md. Code, Real Property Article § 7-105.1 *et. seq.* The foreclosure process is also governed by the Maryland Rules of Civil Procedure. See Md. Rules 14-101, *et. seq.*

    2.    On or about September 10, 2013, by quit claim deed, Cathey conveyed ownership of the Property to Minister Dorita Dixon, Trustee of the Khalifa Trust. The Khalifa Trust later appointed Cathey, also known as Kimmy R. Ford, its attorney in fact. **(Ex. C-** Quit Claim Deed and Durable Power Of Attorney**).**

    3.    On September 13, 15 and 17, 2013, service on Cathey of the Order to Docket Suit and all supporting papers, affidavits and exhibits was unsuccessfully attempted. A final attempt at service was then made on September 18, 2013. **(Ex. D-** affidavits of service)(see also Ex. A, Docket Nos. 5, 6).

    4.    Cathey was sent a Final Loss Mitigation Affidavit on or about December 17, 2013. (Ex. A, Docket No. 008, 009). Service of the Final Loss

Mitigation Affidavit triggered Cathey's right to request foreclosure mediation. Md. Rule 14-209.1(c). It is undisputed that on January 8, 2014, Cathey was aware of the proceeding, having filed a request for foreclosure mediation (Ex. A, Docket No. 007) and ***personally attending the mediation session***.[1] Subsequent filings were also made by Cathey.[2]

     5.     On or about May 11, 2015, 488 days after requesting mediation, Cathey filed a Notice of Removal with this Court.

     6.     On May 22, 2015, Trustees sold the secured property at public auction, the successful bidder being Federal National Mortgage Association. A Report of Sale was filed in the Foreclosure Action (Docket No. 037) to satisfy the state court filing deadline. Md. Rule 14-305(a). A Report of Sale was also filed with this Court (Docket No. 26) out of caution to satisfy the filing deadline even though this Court does not have specific/similar rules for an *ex parte, in rem* lien foreclosure proceeding. In the Foreclosure Action, on Trustees' request, the Circuit Court stayed the ratification process **(Ex. E)** pending this Court's disposition of this action.

**B.**     **ARGUMENT**

**Judicial Notice**

---

1. Mediation occurred on March 4, 2014. The mediator reported to the Circuit Court that no agreement was reached (Ex. A, Docket No. 010, 011).
2. Substantive filings were made on April 30, 2014 (Ex. A, Docket No. 015 request for an extension of time), on June 18, 2014 (Ex. A, Docket No. 015- motion for stay of the proceeding), and, on May 12, 2015 a second motion for stay of the proceeding (Ex. A, Docket No. 033).

3

7. The Court is asked to take judicial notice of the exhibit Circuit Court docket and copies of the Circuit Court's orders attached hereto. F.R.C.P. 201.

**The removal is procedurally untimely and defective.**

8. Notice of removal of a civil action, "shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based,..." 28 U.S.C. § 1446(b). Notice of Removal was filed with this Court on May 11, 2015, which was more than 30 days after Cathey was served the foreclosure papers and/or actually knew of the Foreclosure Action.

9. As stated above, Cathey was not personally served the Order to Docket Suit, supporting papers, affidavits and exhibits.[3] The last service attempt occurred on September 18, 2013, which satisfied Md. Rule 14-209(b). The removal deadline under 28 U.S.C. § 1446(b) is triggered by the date "the defendant, through service or otherwise," received the initial pleading. Trustees submit that date was September 18, 2013 under Md. Rule 14-209(b) despite the unsuccessful service attempt because that date is the date recognized as the service/delivery date of the foreclosure papers under the Maryland Rules. If the Court chooses to look past the service/delivery date, by January 8, 2014, Cathey

---

3 A Maryland foreclosure proceeding is an *ex parte, in rem* proceeding and an Order to Docket Suit is not a pleading. *Saunders v. Stradley*, 25 Md. App. 85, 93, 95, 333 A.2d 604 (1975). Personal delivery of the foreclosure papers is not required by statute and rule, see Md. Code, Real Property Article § 7-105.1(h)(1) and (5), and, Md. Rule 14-209(a) and (b). Service is for notice purposes and is not jurisdictional.

4


actually knew of the Foreclosure Action because she then requested foreclosure mediation. (see Ex. A, Docket No. 007). The Notice of Removal is filed more than thirty (30) days from the date foreclosure mediation was requested. Accordingly removal is untimely.

      10.    Cathey has an affirmative obligation to file a complete copy of "all process, pleadings, and orders served upon such defendant" in the Foreclosure Action with this Court on filing the removal notice. 28 U.S.C. § 1446(a). Despite the representation in the Notice of Removal, ¶ 1, based on the Foreclosure Action docket (Ex. A), all filings in the Foreclosure Action were not filed on removal and the Notice of Removal is fails both the F.R.C.P. 11 certification and 28 U.S.C. § 1446(a).

**The Court should abstain from entertaining the Foreclosure Action for lack of a federal question and lack of diversity of citizenship.**

      11.    United States District Courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331, however, the amount in controversy must exceed $75,000.00 and there must be complete diversity of citizenship among the parties. 28 U.S.C. § 1332(a). Herein, there is no federal question at issue and all parties are Maryland citizens and the Court should abstain from entertaining the Foreclosure Action.

      12.    This Court is a court of limited jurisdiction. *Gunn v. Minton*, ____U.S. _____, 133 S.Ct. 1059 (2013) (Decided February 20, 2013, Slip Op. 11-

1118, at p. 4 ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute.")(citations omitted). In *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court said:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U. S. C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. See *Bell v. Hood*, 327 U. S. 678, 681-685 (1946).[fn10] She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. See § 1332(a).

*Arbaugh* at 513. In the Notice of Removal, Cathey generically argues that jurisdiction arises based on federal law and state law claims in the Foreclosure Action. (Notice of Removal ¶ 3). However, there are no federal law claims in the Foreclosure Action. The Foreclosure Action is a state court proceeding under state statute and rules to enforce a lien in default. The Order to Docket Suit does not allege a federal claim. Cathey, a defendant who has removed an action against her bears the burden to prove jurisdiction is proper. Trustees submit no federal claim is at issue and Cathey cannot prove the propriety of federal court jurisdiction.

    13.    There is a lack of complete diversity of citizenship among the parties in the Foreclosure Action. 28 U.S.C. §§ 1332 and 1441. Cathey is a citizen of the State of Maryland. (Notice of Removal ¶ 2). Trustees are all citizens of the State of Maryland. This Court only has original jurisdiction when there is complete

6

diversity.

> With the exception of certain class actions, [fn1] Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

*Central West Virginia Energy V. Mountain State, 636 F.3d 101, 103 (4th Cir. 2011)*.

14. "The burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." *Robb Evans & Assoc., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Cathey is sued in state court under a Maryland state statute. 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a) only permit a defendant to remove a state court proceeding when the original claim against the defendant is predicated on a federal law and only when diversity is complete. It does not contemplate removal by a defendant of an action based purely on state law.

**C. CONCLUSION**

15. This removal is ill-conceived, frivolous and without merit. It is done with the intent to cause delay in the Foreclosure Action. The underlying dispute involves Cathey's failure to make payment on a Note secured by a deed of trust secured by her real property. The Court should abstain from exercising jurisdiction over the state court matter and remand the action to the Circuit Court for Prince George's County, Maryland for further proceedings consistent with State court statutes and rules.

THE FISHER LAW GROUP, PLLC

By: /s/ Martin S. Goldberg
   MARTIN S. GOLDBERG
   Federal Court Bar No.: 06625
   9440 Pennsylvania Ave., Suite 350
   Upper Marlboro, MD 20772
   (301) 599-7700
   *mgoldberg@first-legal.com*
   *Counsel for Plaintiff Substitute Trustees*

## CERTIFICATE OF SERVICE

I hereby certify this 7th day of July, 2015, a copy of the attached Motion To Remand and proposed order were sent by first-class mail, postage prepaid, to:

| | |
|---|---|
| Kimmy R. Cathey<br>aka Kimmy R. Ford<br>6226 Joe Klutsch Drive<br>Fort Washington, MD 20744 | Minister Dorita Dixon Trustee<br>Khalifa Trust<br>6226 Joe Klutsch Drive<br>Fort Washington, MD 20744 |
| Kimmy R. Cathey<br>aka Kimmy R. Ford<br>6230 3rd Street N.W., Suite 5<br>Washington, DC 20011 | Minister Dorita Dixon Trustee<br>Khalifa Trust<br>5727 Chillum Place N. E.<br>Washington, DC 20011 |
| Kimmy R. Cathey<br>aka Kimmy R. Ford<br>938 E Swann Creek Road, Apt 106<br>Fort Washington, MD 20744 | Minister Dorita Dixon Trustee<br>Khalifa Trust<br>6230 3rd Street N.W., Suite 5<br>Washington, DC 20011 |

/s/ Martin S. Goldberg
MARTIN S. GOLDBERG