IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JEFFREY B. FISHER, *et al.*,

Plaintiffs,

v.  Case No.: GJH-15-1357

KIMMY R. CATHEY,

Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On July 23, 2013, the above-captioned matter was commenced in the Circuit Court for Prince George's County, Maryland by the filing of an Order to Docket Suit in the foreclosure of a deed of trust granted by Defendant Kimmy R. Cathey and secured by real property located in Prince George's County in a case captioned *Fisher, et al., Substitute Trustees v. Cathey*, No. CAEF13-21010 (the "Foreclosure Action"). The Foreclosure Action is based on a state statute addressing deeds of trust, mortgages, and other liens in default. *See* Md. Code, Real Prop., Art. § 7-105.1 *et seq.* Plaintiffs in the Foreclosure Action unsuccessfully attempted to serve Cathy with notice of the action on September 13, 15, 17, and 18, 2013. ECF No. 36-5. On December 17, 2013, Cathey was sent a Final Loss Mitigation Affidavit, which triggered her right to request foreclosure mediation. *See* ECF No. 36-1; Md. R. Prop. Sales § 14-209.1. On January 8, 2014, Cathey filed a request for foreclosure mediation, and she attended a mediation session on March 4, 2014. *See* ECF No. 36-1. Cathey made additional filings in the Foreclosure Action, including two motions to stay the proceedings, one of which was denied on August 13, 2014, and one which was not ruled upon because, on May 11, 2015, Cathey removed the Foreclosure Action to

this Court. *See id.*; ECF No. 1. In response to this Court's Standing Order Concerning Removal, Cathey indicated that she was served with a copy of the Order to Docket Residential Foreclosure on July 23, 2013. ECF No. 24. In her Notice of Removal, Cathey represented that removal of the Foreclosure Action was proper because this Court has federal question jurisdiction under 28 U.S.C. § 1441(c)(1)(A). ECF No. 1 at ¶ 3.

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in [her] notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F.Supp.2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to 'demonstrat[e] that removal jurisdiction is proper.'" *Id.* (citing *Strawn*, 530 F.3d at 296). Here, Cathey has not met her burden of demonstrating that removal was proper because, despite her contention otherwise, the Court lacks both federal question and diversity jurisdiction.

Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28, 103 S. Ct. 2841 (1983). This case involves no such causes of action; rather, this case is an *in rem* foreclosure proceeding arising under Maryland state law, involving property located in Maryland. *See Wells Fargo Home Mortg., Inc. v. Neal*, 922 A.2d 538, 550 (Md. 2007) ("This

'power of sale' foreclosure is 'intended to be a summary, in rem proceeding' which carried out 'the policy of Maryland law to expedite mortgage foreclosures.'"). In her opposition to Plaintiffs' motion to remand, Cathey cites provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.*, *see* ECF No. 42 at ¶ 12, and she has filed a "Counter Complaint" alleging violations of that statute, among other claims, *see* ECF No. 43. But for removal purposes, the Court looks only to the complaint, or in this case, the Order to Docket Suit, to determine whether a federal question is presented. *See Franchise Tax Bd.*, 463 U.S. at 10 ("For better or worse, under the present statutory scheme . . . a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' [federal question] jurisdiction."). Because the Foreclosure Action, as instituted by Plaintiffs, only involves a state law proceeding, and does not involve any federal causes of action, the Court lacks federal question diversity. Removal on this ground was therefore improper.

The same is true of any attempt to remove this action based on diversity jurisdiction. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 8 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted). Here, there is a lack of complete diversity as it is

undisputed that Cathy and all Plaintiffs are citizens of Maryland. *See* ECF No. 36 at 6. As a result, this Court lacks diversity jurisdiction and remand is necessary.

Because Cathey has failed to demonstrate this Court's jurisdiction over this matter, the Court must remand this action to the Circuit Court for Prince George's County, Maryland for further proceedings.[1] As such, the Court will **GRANT** Plaintiffs' motion to remand, ECF No. 36, and will **DENY** all other pending motions as moot. *See* ECF Nos. 44, 51, 53, 54, 55, 57, and 59.

Dated: March 22, 2016

GEORGE J. HAZEL
United States District Judge

---

[1] The Court also notes that Cathey's removal of this case was untimely as she did not remove the case to this Court within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" as is required by 28 U.S.C. § 1446 (b)(1). Although Cathey was not personally served, such personal service is not required by the Maryland laws governing the Foreclosure Action. *See* Md. Code Ann., Real Prop. § 7-105.1(h)(5); Md. R. Prop. Sales § 14-209(b). For this additional reason then, the Court will remand the case to the Circuit Court for Prince George's County, Maryland. least